IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA RAINES, Individually and on behalf of all others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 20 CV 594 |
| v. | ) ) | |
| VILLAGE OF MATTESON, a Municipal Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

NOW COMES the Plaintiff, REBECCA RAINES, Individually and on behalf of all others similarly-situated, by and through her counsel, SHILLER PREYAR LAW OFFICE and SAMUELS & ASSOCIATES, LTD., complaining of the Defendant, VILLAGE OF MATTESON, as follows:

**INTRODUCTION**

This lawsuit challenges the legality of the Village of Matteson's assessment of fines for the enforcement of expiration of registration through their local ordnance, § 70.02(A)(2) which adopts by reference 625 ILCS 5/3-413(f).

While enforcing purported violations of the Illinois Vehicle Code wherein a person operates a motor vehicle with an expired registration, the Village charges $75 per ticket. A copy of the Ordinance is attached hereto as Exhibit A.

1

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, <u>Monell v. N.Y. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), and the Fourteenth Amendment to the United States Constitution.

2. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

## PARTIES

4. Plaintiff Rebecca Rains is an individual residing in Matteson, Illinois.

5. Defendant Village of Matteson is a non-home rule municipal unit duly authorized under the laws of the State of Illinois.

## CLASS ALLEGATIONS

6. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the named Plaintiff seeks to represent a certified Plaintiff class consisting of all individuals and entities for whom a determination of liability for an alleged violation of 625 ILCS 5/3-413(f) or § 70.02(A)(2) of the Municipal Code of Matteson was entered since, and to whom liability for the violation has not been released, set aside, or extinguished (the "Class").

7. The members of the class are so numerous that joinder of all members is impracticable. Based on investigation by Plaintiff's counsel, it is estimated that

the Class will comprise hundreds of members. The exact number of members in the Class can be determined from records maintained by the Village.

8. In addition, joinder is impracticable because, upon information and belief, many members of the class are not aware that their constitutional rights have been violated and that they have the right to seek redress in Court. Many members of the class are without the means to retain an attorney to represent them in a civil rights lawsuit. There is no appropriate avenue for the protection of the class members' constitutional rights other than a class action.

9. The class members share a number of questions of law and fact in common, including, but not limited to:

    a. Whether the Village's fine of $75 for violations of 625 ILCS 5/3-413(f) violates the procedural due process clause of the Fourteenth Amendment by fining persons in violation of the law without providing them with an adequate remedy to challenge the amount of the fine;

    b. Whether the Village's fine of $75 for violations of 625 ILCS 5/3-413(f) violates the constitution by providing unequal penalty for the same offense;

    c. Whether the Illinois Vehicle Code authorizes the Village to charge $75 for a violation of 625 ILCS 5/3-413(f); and

    d. Whether the Village's fine of $75 for violations of 625 ILCS 5/3-413(f) constitutes unjust enrichment.

10. These common questions predominate over questions, if any, affecting solely individual class members.

11. Plaintiff will fairly and adequately protect the interests of class members. Plaintiff has retained competent counsel experienced in class action litigation in

state and federal courts and Plaintiff has no interest adverse to any class member. Plaintiff intends to prosecute this case vigorously on behalf of herself and the class members. The legal theories under which the named Plaintiff seeks relief are the same or similar to those on which all members of the class will rely, and the harms suffered by the named Plaintiff are typical of the harms suffered by the class members.

12. A class action is superior to all other available methods for this controversy because the prosecution of separate actions by individual class members will create a risk of inconsistent and varying adjudications.

13. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy at issue because the common questions will predominate and there will be no unusual manageability issues.

15. The Plaintiff class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted on grounds generally applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

## FACTS

16. Beginning on April 18, 2018, the Village mailed Plaintiff multiple tickets for alleged violations of 625 ILCS 5/3-413(f).

17. Ms. Raines was the registered owner of the vehicle that was the subject of all these alleged violations.

18. The Village assessed a fine of $75 per violation of 625 ILCS 5/3-413(f).

19. Under duress, Ms. Raines paid the fines and penalties assessed in connection with the alleged violations issued to her on 21 September 2018.

20. 625 ILCS 5/3-413(f) reads:

> No person shall operate a vehicle, nor permit the operation of a vehicle, upon which is displayed an Illinois registration plate, plates or registration stickers, except as provided for in subsection (b) of Section 3-701 of this Code, after the termination of the registration period for which issued or after the expiration date set pursuant to Sections 3-414 and 3-414.1 of this Code.

21. The Village adopts and incorporates through reference 625 ILCS 5/3-413(f) through its Section 70.02(A)(2) of its Traffic Code.

22. Section 70.99(A) of the Village's Code defines penalties for violations of its Traffic Code. It reads:

> Whoever violates any provision of this traffic code for which another penalty is no already otherwise provided by ordinance or by appropriate statutory penalty as generally set forth in ILCS Ch. 625, Act 5, §§ 16-101 *et seq*. shall, upon conviction, be subject to a fine of not more than $750.

23. 625 ILCS 5/16-102.5(b) defines the amount of fine that may be imposed for violations of 625 ILCS 5/3-413(f).

24. Therefore, the Village may not fine a person for a violation of 625 ILCS 5/3-413(f) more than what is statutorily imposed by 625 ILCS 5/16-102.5(b).

25. 625 ILCS 5/16-102.5(b) reads:

> To enforce the provisions of subsection (f) of Section 3-413 or Section 11-1304.5 of this Code or a similar local ordinance, a municipality shall impose a fine not exceeding $25.

26. The Village has, and continues to, charge residents more than is statutorily allowed for violations of 625 ILCS 5/3-413(f).

27. As a direct and proximate result of the unlawful actions of the defendant, Plaintiff and others like her have been harmed.

## COUNT I: DUE PROCESS

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. Plaintiff has a protected liberty interest in her property.

30. Defendants violated Plaintiff's liberty interest by depriving her of her protected liberty interest without sufficient procedural safeguards.

31. This Defendant in Defendant's procedure is so serious that the entire procedure is fundamentally unfair.

32. The ordinance also violates due process because on its face and as applied or threatened to be applied violates the Equal Protection Clause of the Fourteenth Amendment to the US Constitution as detailed below.

33. The ordinance also violates due process because on its face it creates an infirmed ambiguity when viewed in conjunction with the state statute.

34. As a direct and proximate result of the Defendant's misconduct, Plaintiff was harmed.

## COUNT II: DECLARATORY RELIEF - VIOLATION OF EQUAL PROTECTION

35. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

36. Plaintiff seeks a judgment declaring that the Village's Ordinance is unconstitutional because it violates the equal protection clause of the United States Constitution by providing an unequal penalty for the same offense for motorists who previously paid fines and penalties in the Village compared to those in other municipalities.

37. In the Village, 80.57% of the population is Black or African American.

38. Plaintiff has a personal claim which is capable of being affected and are entitled to the requested declaratory relief. As detailed above, this case presents an actual controversy that requires an immediate and definitive determination of the parties' rights.

39. Plaintiff possesses a clearly ascertainable right to be free from unconstitutional actions set forth above and are currently in need of protection. As detailed above, Plaintiff has raised a fair question concerning the existence of this right.

40. For the reasons set forth above, Plaintiff has a likelihood of success on the merits.

41. Plaintiff and class members will suffer irreparable harm if an injunction is not granted.

42. The initiations of administrative adjudications, the collection of fines and penalties related thereto and the threat of vehicle seizure, driver's license revocations, and other such actions will cause substantial, immediate, and continuing damage to Plaintiff and class members.

43. As a result, Plaintiff and class members may suffer irreversible damage to their credit from threatened collection actions by the Village and the possible reporting of non-payment to credit agencies, be subject to vehicle seizure and/or driver's license revocation and suffer other harm and inconveniences as a result of the Village's implementation and enforcement of the unconstitutional Ordinance.

44. There is no adequate remedy at law available to the Plaintiff and class members that would protect against the above harms.

45. To the extent the Village has assessed any fines, penalties, or other amounts pursuant to the Ordinance, all such fines, penalties, or other amounts should be declared illegal and void.

## COUNT III: UNJUST ENRICHMENT

46. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

47. In charging Plaintiff more than was statutorily allowed, the Village unjustly retained a benefit to the Plaintiff's detriment.

48. The Village's retention of that benefit violates the fundamental principles of justice, equity, and good conscience.

49. Plaintiff seeks a judgment declaring that the Village's Ordinance causes unjust enrichment because it exceeds the Village's authority as specifically limited by the Illinois Vehicle Code.

50. Plaintiff has a personal claim which is capable of being affected and are entitled to the requested declaratory relief. As detailed above, this case presents an

actual controversy that requires an immediate and definitive determination of the parties' rights.

51. Plaintiff possesses a clearly ascertainable right to be free from unconstitutional actions set forth above and are currently in need of protection. As detailed above, Plaintiff has raised a fair question concerning the existence of this right.

52. For the reasons set forth above, Plaintiff has a likelihood of success on the merits.

53. Plaintiff and class members will suffer irreparable harm if an injunction is not granted.

54. The initiations of administrative adjudications, the collection of fines and penalties related thereto and the threat of vehicle seizure, driver's license revocations, and other such actions will cause substantial, immediate, and continuing damage to Plaintiff and class members.

55. As a result, Plaintiff and class members may suffer irreversible damage to their credit from threatened collection actions by the Village and the possible reporting of non-payment to credit agencies, be subject to vehicle seizure and/or driver's license revocation and suffer other harm and inconveniences as a result of the Village's implementation and enforcement of the unconstitutional Ordinance.

56. There is no adequate remedy at law available to the Plaintiff and class members that would protect against the above harms.

57. To the extent the Village has assessed any fines, penalties, or other amounts pursuant to the Ordinance, all such fines, penalties, or other amounts should be declared illegal and void.

58. To the extent the Village has collected any such fines, penalties, or other amounts (or applied previously collected such fines, penalties, or other amounts) it should be required to refund them.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant in the following manner:

A. Enter an order certifying a class of similarly-situated people;

B. Declare the Ordinance is void;

C. Grant preliminary and permanent injunctive relief prohibiting the Village from implementing and enforcing the Ordinance;

D. Declare that any fines, penalties, or other amounts assessed by the Village pursuant to the Ordinance are illegal and void;

E. Order the Village to refund any and all amounts collected or applied pursuant to the Ordinance, including pre- and post-judgment interest;

F. Retain jurisdiction of this case until such time as the Defendant has fully complied with all orders of this Court, and there is reasonable assurance that the Defendant will continue to comply in the future with these orders;

G. Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

H. Order such other and further relief as this Court deems equitable, just, and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

        Respectfully Submitted,

    By:   s/ Brendan Shiller
         *One of Plaintiff's Attorneys*

Brendan Shiller
SHILLER*PREYAR LAW OFFICE
601 South California Avenue
Chicago, Illinois 60612
T: 312-226-4590
F: 773-346-1221
E: brendan@shillerpreyar.com